UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENYATA BRYANT, on his own behalf and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION FILE NO: |
| vs. ) ) | FAIR LABOR STANDARDS ACT ACTION |
| BEST WAREHOUSING AND TRANSPORTATION CENTER, INC., ) ) ) | |
| Defendant. ) | |

# **COMPLAINT**

COMES NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, and retaliation on the grounds set forth below:

JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

- 1 -

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff was employed as a truck driver who was denied overtime compensation during the terms of his employment.

4.

Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated employees who consents to representation, pursuant to 29 U.S.C. §216(b). The Plaintiff consents to serve as the employee representative and is incorporated herein as Exhibit "A".

5.

Defendant Best Warehousing and Transportation Center, Inc., is a corporation formed under the laws of the State of Georgia that provides third party logistics. Defendant may be served with process through its registered agent, Winston McDonald, Jr., 201 Fisk Drive, SW, Atlanta, Georgia 30094.

6.

The corporate Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

By not paying overtime, Defendant was able to personally profit more from their ownership of Best Warehousing and Transportation Center, Inc., and pay themselves a greater profit, salary and/or benefits.

FACTUAL ALLEGATIONS

8.

Upon information and belief, Defendant has in the past and currently employ over 20 employees.

9.

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

10.

The main purpose of Plaintiff's job was to drive trucks that transported food and other products.

11.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

12.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

13.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

14.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding the pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities performed.

15.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

16.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

17.

From approximately March 19, 2014 to July 7, 2014 Defendant required Plaintiff to work in excess of 40 hours per workweek.

18.

From approximately March 19, 2014 to July 7, 2014 Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which he was employed.

19.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

20.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

**Count I**

(**CLAIM FOR RELIEF UNDER FLSA § 207**)

21.

The above facts support Plaintiff's claims for relief under the FLSA.

22.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

## Count II
## RETALIATION

23.

Plaintiff incorporates the allegations contained in the above paragraphs.

24.

Defendant violated Plaintiff's federally protected rights by retaliating against him for inquiring why he was not being paid for his overtime.

25.

Plaintiff asked the VP of the Company why he was not compensated for his overtime and he responded by saying "not today boss."

26.

Plaintiff was further retaliated and ultimately fired when he asked about not receiving overtime on his pay check.

27.

Defendant's treatment of Plaintiff was motivated in retaliation for Plaintiff speaking out about not being compensated for his overtime.

28.

Defendant's agents in particular, the VP refused to talk with the Plaintiff regarding his overtime wages.

29.

Defendant's actions injured Plaintiff and caused damages including but not limited to the loss of income, lost promotions, pain, suffering, and humiliation all flowing from Defendant's illegal actions.

30.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected

rights.

WHEREFORE, the Plaintiff requests this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate,  liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e)     Issue a declaratory judgment.

(f)     Defendants be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(g)     Defendants be ordered to compensate, reimburse and make whole the Plaintiff for all the benefits Plaintiff would have received had it not been for

the Defendants' illegal actions, including, but not limited to, pay, benefits, insurance costs, training, promotion and seniority;

(h)     Plaintiff recover front pay if the Defendants as requested above does not reinstate the Plaintiff;

(i)     Plaintiff be awarded compensatory and punitive damages to compensate for humiliation, pain, suffering and stigma associated with their retaliatory treatment;

(j)     Award Plaintiff attorney's fees and costs; and

(k)     Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 1st day of August, 2014.

                                        **PANKEY & HORLOCK, LLC**

                                        By:     /s/Larry A. Pankey
                                                    Larry A. Pankey
                                                    Georgia Bar No. 560725
                                                    Attorneys for Plaintiff

1441 Dunwoody Village Parkway, Suite 200
Atlanta, Georgia  30338-4122
Phone 770-670-6250
Fax     770-670-6249
lpankey@pankeyhorlock.com