## CONFIDENTIAL SETTLEMENT AND FULL AND <u>FINAL RELEASE OF ALL CLAIMS</u>

This CONFIDENTIAL SETTLEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS ("Release") is made by **KENYATA BRYANT ("BRYANT") and ROBERT SWAYZE ("SWAYZE")**, their heirs, executor(s), attorney(s), and assigns (collectively "**RELEASORS**"); and **BEST WAREHOUSING AND TRANSPORTATION CENTER, INC. ("BEST")** and **WINSTON MCDONALD, JR. ("MCDONALD")** (collectively "**RELEASEES**").

## W I T N E S S E T H :

**WHEREAS**, on or about August 1, 2014, **BRYANT** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Kenyata Bryant, on his own behalf and others similarly situated v. Best Warehousing and Transportation Center, Inc</u>, which was assigned Civil Action No. 1:14-cv-02497-MHS ("the Civil Action");

**WHEREAS**, during the pendency of this Civil Action, on August 27, 2014, **SWAYZE** filed a Consent to Opt In and Become a Party Plaintiff;

**WHEREAS**, the Civil Action contains claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, for retaliation, and seeks, *inter alia*, unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest and other relief;

**WHEREAS**, **RELEASEES** have denied and continue to deny any liability to **RELEASORS** on the basis of any claim, asserted or unasserted, in the Civil Action;

**WHEREAS**, **RELEASEES** assert that there is no factual or legal basis for the allegations in the Civil Action;

**WHEREAS**, this Release constitutes a good faith settlement of questionable and disputed claims that are the subject of the Civil Action; and

**WHEREAS**, this Release shall not be deemed in any manner an admission, finding, or indication for any purposes whatsoever that **RELEASEES** or any of their officials, officers, employees, and/or other agents acted contrary to the law or violated the rights of **RELEASORS** or any other person at any time;

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **RELEASORS** and **RELEASEES** agree as follows:

## CONSIDERATION AND DISMISSAL OF CLAIMS

1.

As part of this Release, the Parties agree to take the following actions to fully comply with same:

(a)    **RELEASORS** will deliver this Release fully executed to **RELEASEES'** attorney, Brent L. Wilson of Elarbee, Thompson, Sapp & Wilson, LLP at 800 International Tower, 229 Peachtree Street NE, Atlanta, Georgia 30303;

(b)    Within three (3) days of receipt of the fully executed Release, **RELEASEES** shall file on behalf of all parties the Joint Motion for Approval of Settlement and Release Agreement attached hereto as Exhibit A;

(c)    Within fourteen (14) days after the Court's approval of this Release, and on the payment schedule set forth below, **RELEASEES** shall furnish **RELEASORS'** attorney, Larry A. Pankey, Esq., Pankey & Horlock, LLC, 1441 Dunwoody Village Parkway, Suite 200, Atlanta, Georgia 30338, the total sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) in the form of checks payable to **BRYANT, SWAYZE, and Pankey & Horlock, LLC** as follows:

(i)    Eleven Thousand Seven Hundred Sixty-One Dollars and Eighty-Six Cents ($11,761.86), less applicable withholdings and deductions, payable to **BRYANT** as compensation for his alleged loss of unpaid overtime wages, wages and benefits, liquidated damages and interest;

(ii)    Two Thousand Eight Hundred Eighty Dollars and Ninety-Four Cents ($2,880.94), less applicable withholdings and deductions, payable to **SWAYZE** as compensation for his alleged loss of unpaid overtime wages, wages and benefits, liquidated damages and interest;

(iii)    Two Thousand Eight Hundred Eighty Dollars and Ninety-Four Cents ($2,880.94) payable to **SWAYZE** as compensation for his alleged loss of unpaid overtime wages, wages and benefits, liquidated damages and interest in twelve (12) equal monthly installments of Two Hundred Forty Dollars and Seven Cents ($240.07) commencing on the thirtieth (30th) day of the next month immediately following the Court's approval of the settlement.

(iv)    Twelve Thousand Four Hundred and Seventy-Six Dollars and Twenty-Eight Cents ($12,476.28) payable to Pankey & Horlock, LLC, as attorneys' fees in twelve (12) equal installments of One Thousand Thirty-Nine Dollars and Sixty-Nine Cents ($1,039.69), the first (1st) payment due and payable within fourteen (14) days of the Court's approval of this Release and the  following payments due and payable on the thirtieth (30th) day of the following eleven (11) months immediately following the month of the first payment.

(e)    Immediately upon receipt of the payments in (i) and (ii) and the first payment in (iv) above, **RELEASORS** shall authorize **RELEASEES** to file with the Court the document attached hereto as Exhibit B dismissing the Civil Action with Prejudice.

The payments outlined in this Paragraph 1 are inclusive of all attorneys' fees, legal costs and any other expenses.

2.

A material consideration for this Release is **RELEASORS'** agreement that they will not, following the approval of the Release by the Court, go on the business premises of **BEST**.  It is understood that the "business premises" at issue have the following addresses:

i.       6255 Fulton Industrial Boulevard, Atlanta, Georgia 30336

ii.      2363 Highway 41 South, Calhoun, Georgia 30701

3.

Fifty percent (50%) of the sums payable to **BRYANT** and **SWAYZE** shall be treated as back wages, subject to IRS Form W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law, and Defendants will make all required contributions.  The separate payments representing back wages shall be reported on IRS Forms W-2, a copy of which will be issued to the individual **RELEASORS**.  Twenty Five percent (25%) of the sums payable to **BRYANT** and **SWAYZE** will be treated as liquidated damages sought in the Civil Action.  The remaining Twenty Five percent (25%) of the sums payable to **BRYANT** and **SWAYZE** will be treated as interest sought in the Civil Action.  The separate payments representing liquidated damages and interest shall be reported on IRS Forms 1099 as other income (box 3), a copy of which will be issued by **RELEASEES** to the individual **RELEASORS**.

**RELEASORS** acknowledge that nothing in this Release is intended, written to be used, or can be used, for the purpose of avoiding any tax liability or penalties. Further, **RELEASORS** acknowledge that no representation has been made to them regarding the tax status, as set forth by local, state or federal laws, of the monetary consideration outlined in Paragraph 1 of this Release, and **RELEASORS** represent that they are not relying in any way upon **RELEASEES** or their attorneys in this regard. **RELEASORS** will each pay all federal, state, and local taxes that may be due on the payments referenced in Paragraph 1 of this Release as to themselves, except for that portion of the employment taxes required by law to be paid by **RELEASEES** on those payments designated in Paragraph 1 as back wages. To the extent that the payments made pursuant to this Release are designated as other than back wages, **RELEASORS** will separately and individually indemnify and hold **RELEASEES** harmless from liability for **RELEASORS** failure to pay federal, state, or local taxes, in the event that the Internal Revenue Service, the Georgia Department of Revenue, or other taxing or governmental authority seeks such sums from **RELEASEES** as to that individual Releasor. **RELEASORS** will not indemnify or hold harmless **RELEASEES** for any liability associated with **RELEASEES'** portion of any such taxes and withholdings.

## <u>RELEASE OF ALL CLAIMS</u>

4.

**RELEASORS**, for themselves, their attorneys, agents, assigns, heirs, executors, administrators, and successors, hereby fully, finally, and forever release and discharge **RELEASEES** and all of their present or former attorneys, officers, elected and/or appointed officials, employees, assigns, principals, insurer and agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which they have or may have against any of the **RELEASEES** pertaining to any transaction, dealing, conduct, act, or omission by and between **RELEASEES** and **RELEASORS**, or any other matters or things occurring or existing at any time prior to the execution of the Release, related to **RELEASORS'** employment with **RELEASEES** including, but not limited to, any claims that were alleged or could have been alleged in the Civil Action. **RELEASORS** represent that they are unaware of any other claim, demand, action, cause of action, or suit for damages, losses, costs, expenses, or attorneys' fees, which they have or may have against any of the **RELEASEES** at this time, whether or not related to their employment, other than the claims in the Civil Action. The claims waived and released by **RELEASORS** include

all alleged claims or claims that could have been made by **RELEASORS** in the Civil Action under the Fair Labor Standards Act, to the extent such a Release of claims is allowable, the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, O.C.G.A. § 34-7-2 and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia or any other State; any and all claims for breach of contract; any and all possible claims under common law; and any and all claims for back pay, liquidated damages, fringe benefits, interest, front pay, compensatory and/or punitive damages, costs, and attorneys' fees.

**RELEASORS** separately and individually acknowledge by execution of this Release that they have been fully compensated for all claims for lost income, unpaid overtime, wages, benefits, and other remuneration allegedly owing from any of the **RELEASEES** which gave rise to the litigation.

5.

**RELEASORS'** dismissal shall be with prejudice, and they will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, including the filing of an administrative complaint with any local, state, or federal agency. **RELEASORS** specifically agree not to become future putative class members or participants arising out of the same transaction or events giving rise to the Civil Action.

6.

**RELEASORS** represent and warrant that Larry A. Pankey of Pankey & Horlock, LLC, is counsel for **RELEASORS** and has been the sole attorney for them with respect to the Civil Action and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the consideration provided by this Release is intended to include all legal fees, costs, and/or expenses for which **RELEASEES** could be liable in connection with the Civil Action.

## CONFIDENTIALITY

7.

**RELEASORS** and **RELEASEES** agree (a) to use their best efforts to prevent disclosure of the terms of the Release to third parties except as specifically allowed in

-5-

subsection (e) in this Paragraph; (b) not to initiate discussions, correspondence or other communications regarding the terms of the Release with third parties except as allowed in subsection (e); (c) to avoid making direct or indirect references, whether by their actions or words, to the terms of the Release when communicating with third parties except as specifically allowed in subsection (e); (d) to limit any unavoidable remarks relating directly or indirectly to the terms of the Release to a statement to the effect that "the case was resolved to the satisfaction of the parties"; and (e) not to show the Release to or discuss its contents with any person other than their attorneys, their current spouses and/or parents, their accountants or financial advisors, the Internal Revenue Service, the Georgia Department of Revenue, the United States Department of Labor, or such other persons as may otherwise be required by law. **RELEASORS** agree that if they show this Release to, or discuss its contents with, anyone referenced in subsection (e), they will advise such persons or entity of this confidentiality provision and instruct them to keep the information confidential, except as to the government officials or other required legal disclosures. **RELEASORS** hereby represent that, up to and including the time they sign this Release, they have not made any oral or written statements or revealed any information to any person, company, agency, or other entity, other than their attorneys, spouses and/or parents regarding the terms of this Release or any draft thereof, or regarding any of the discussions between **RELEASORS** and **RELEASEES** or their counsel regarding the potential terms under which this Civil Action might be resolved. **RELEASORS** understand and acknowledge that the foregoing is a material term of this Release. It shall not be a violation of this Release for the parties to reveal information about this Release if required to do so by law, subpoena, or Court Order or to reveal information about this Release to Court officials as necessary to obtain Court approval of the Release and dismissal of the Civil Action.

## <u>NEUTRAL REFERENCE</u>

### 8.

If an inquiry by a prospective employer is made regarding any **RELEASOR**, **RELEASEES** will state only the **RELEASOR'S** dates of employment, job position(s), and rate of pay at the time the **RELEASOR** separated from his/her employment.

## INDEMNIFICATION

### 9.

**RELEASORS** represent and warrant that they alone are entitled to assert any claim against **RELEASEES** of any kind or character arising out of, or as a consequence of, their allegations in the Civil Action including, but not limited to, any claim relating to or arising out of their employment with **RELEASEES**. **RELEASORS** further represent and warrant that they are fully authorized to enter into the Release and shall individually indemnify and hold **RELEASEES** harmless from any claim by any other person who is determined to have the right or authority to assert any claim against **RELEASEES** on **RELEASORS'** behalf or any claim against **RELEASEES** of any kind or character related to any claim dismissed via this Release or **RELEASORS'** allegations in the Civil Action including, but not limited to, any claim relating to their employment with **RELEASEES**, and further shall indemnify and hold **RELEASEES** harmless from any costs, expenses, or damages sustained by reason of any such claim.

## ENTIRE RELEASE

### 10.

**RELEASORS** affirm that the only consideration for this Release is the mutual promises and covenants stated herein and that no other promises or Releases of any kind have caused them to execute the Release; that they fully understand the meaning and intent of the Release, including but not limited to its final and binding effect; that they have consulted with legal counsel prior to executing the Release; that they have had a reasonable period of time within which to consider the Release; and that they have had the benefit of legal counsel before executing the Release.

## REMEDIES FOR BREACH

### 11.

In the event of a breach of any of the terms of the Release by a particular **RELEASOR**, **RELEASEES** shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder as to the breaching **RELEASOR**. In the event of a breach of the Confidentiality clause by a particular **RELEASOR**, **RELEASEES** shall be entitled to a return of fifty percent

(50%) of the amounts paid to the breaching **RELEASOR**, and to recover all costs and expenses, including reasonable attorneys' fees incurred in enforcing such rights.

## CONSTRUCTION

### 12.

This Release contains the entire Release and understanding between the Parties relating to the subject matter contained herein and supersedes any prior oral or written Releases pertaining to said subject matter and may not be altered, amended, or modified in any respect or particular whatsoever except by a writing duly executed by an authorized representative of each of the Parties.

## EXECUTION AND EFFECTIVE DATE

### 13.

This Release may be executed in several counterparts and, as executed, shall constitute one Release binding on all of the Parties, notwithstanding that all Parties are not signatories to the original or the same counterparts.  This Release shall become effective when all of the Parties have executed it and the Settlement Amount has been tendered by **RELEASEES** to **RELEASORS'** counsel, as described in Paragraph 1.

RELEASORS FURTHER STATE THAT THEY HAVE CAREFULLY READ THE WITHIN AND FOREGOING "SETTLEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS," KNOW AND UNDERSTAND THE CONTENTS THEREOF, AND EXECUTE THE SAME AS THEIR OWN FREE ACT AND DEED.  **RELEASORS** represent that they have been advised to seek the advice of an attorney and have in fact been represented by an attorney in negotiating this Release and that they have obtained all advice and counsel they need to understand each of the terms and conditions of this Release and the final and binding effect of this Release. **RELEASORS** further affirm that their attorneys have fully answered any questions they may have had leading up to the execution of the Release, and that they understand the meaning of the Release and its final and binding effect. **RELEASORS** further state and warrant that their attorneys have clearly and carefully explained the nature of **RELEASORS'** rights against **RELEASEES** under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and have explained that all of those rights are waived finally and forever under the terms of the Release.  **RELEASORS** clearly understand that, by signing the Release, they are finally and forever giving up all of their rights against **RELEASEES**, in connection with the claims asserted in the Civil Action, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and the

Release. **RELEASORS** further affirm that they have had a reasonable amount of time within which to consider this Release.

     **IN WITNESS WHEREOF,** the undersigned have hereunto set their hands and seal this _____ day of July 2015.

<br>

_____
Kenyata Bryant

_____
Robert Swayze

BEST WAREHOUSING &
TRANSPORTATION CENTER,
INC.
_____
By Winston McDonald, Jr.
President   and   In   His   Individual
Capacity

Release. **RELEASORS** further affirm that they have had a reasonable amount of time within which to consider this Release.

      **IN WITNESS WHEREOF,** the undersigned have hereunto set their hands and seal this ___5th___ day of ~~July~~ 2015.

*August*

_Kenyata Bryant_

Kenyata Bryant

_____

Robert Swayze


BEST WAREHOUSING &
TRANSPORTATION CENTER,
INC.


_____

By Winston McDonald, Jr.
President  and  In  His  Individual
Capacity

Release. **RELEASORS** further affirm that they have had a reasonable amount of time within which to consider this Release.

      **IN WITNESS WHEREOF,** the undersigned have hereunto set their hands and seal this ___16___ day of ~~June 2015.~~
_July, 2015_

_____
Kenyata Bryant

_____
Robert Swayze


BEST WAREHOUSING &
TRANSPORTATION CENTER,
INC.


_____
By Winston McDonald, Jr.
President


_____
Winston McDonald, Jr.
On behalf of himself

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENYATA BRYANT, on his own
behalf and others similarly situated,

     Plaintiff,

v.

BEST WAREHOUSING AND
TRANSPORTATION CENTER, INC.

     Defendant.

CIVIL ACTION FILE NO.
1:14-CV-02497-MHS

## JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT

This Fair Labor Standards Act lawsuit has been settled.  Plaintiffs Kenyata Bryant and Robert Swayze ("Plaintiffs") and Defendant Best Warehousing and Transportation Center, Inc. ("Defendant") (collectively, the "Parties") respectfully move this Court for an Order approving the Settlement Agreement, which is attached hereto as Exhibit 1.

The  Parties respectfully submit that this Motion should be granted because the proposed Settlement Agreement represents a fair and reasonable resolution of a *bona fide* dispute.  Accordingly, the Parties seek an Order approving the Settlement Agreement.

In support of this Joint Motion, the Parties rely upon the Settlement Agreement,

and all other pleadings and materials properly on file with the Court.

Respectfully submitted, this ___ day of _____ 2015.

s/Larry A. Pankey                                    s/Brent L. Wilson
Larry A. Pankey                                      Brent L. Wilson
Georgia Bar No. 560725                               Georgia Bar No. 767667

PANKEY & HORLOCK, LLC                                ELARBEE, THOMPSON,
1441 Dunwoody Village Parkway                        SAPP & WILSON, LLP
Suite 200                                            800 International Tower
Atlanta, Georgia 30338                               229 Peachtree Street, N.E.
(770) 670-6250 Telephone                             Atlanta, Georgia 30303
(770) 670-6249 Facsimile                             (404) 659-6700 Telephone
lpankey@pankeyhorlock.com                            (404) 222-9718 Facsimile
Attorney for Plaintiffs                              bwilson@elarbeethompson.com
                                                     Attorney for Defendants

-2-

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENYATA BRYANT, on his own
behalf and others similarly situated,

     Plaintiff,

v.

BEST WAREHOUSING AND
TRANSPORTATION CENTER, INC.

     Defendant.

CIVIL ACTION FILE NO.
1:14-CV-02497-MHS

## STIPULATION OF DISMISSAL WITH PREJUDICE

**COME NOW,** Plaintiff and Defendant and, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), agree to the dismissal with prejudice of this action, with no claims to be reinitiated by Plaintiff and with each party to bear their own costs.

This the ___ day of _____ 2015.

*[SIGNATURES CONTAINED ON THE FOLLOWING PAGE.]*

**SO STIPULATED:**

s/Larry A. Pankey
Larry A. Pankey
Georgia Bar No. 560725

PANKEY & HORLOCK, LLC
1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
(770) 670-6250 Telephone
(770) 670-6249 Facsimile
lpankey@pankeyhorlock.com
Attorney for Plaintiffs

**SO STIPULATED:**

s/Brent L. Wilson
Brent L. Wilson
Georgia Bar No. 767667

ELARBEE, THOMPSON,
SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile
bwilson@elarbeethompson.com
Attorney for Defendants